IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RICHARD J. LINDROTH,
And MARIANNE B. LINDROTH,

        Plaintiff,

v.

                                        **CIVIL ACTION NO.   2:15-00141**
                                        **(Removed from the Circuit Court of Kanawha County,**
                                        **West Virginia, Civil Action No. 14-C-2072)**

ATHENE ANNUITY AND LIFE COMPANY,
A corporation, and AVIVA,

        Defendants.

DEFENDANT ATHENE ANNUITY AND LIFE COMPANY'S
NOTICE OF REMOVAL

COMES NOW, the Defendant Athene Annuity and Life Company ("Athene"), by counsel Rebecca A. Betts, John D. Hoblitzell, and the law firm of Kay Casto & Chaney, PLLC and files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b), 1446(a), and 1332(a).

A.      Introduction

1.      Plaintiffs allege they are the beneficiaries of a life insurance policy issued to one of their sons by Indianapolis Life, which later merged and became known as Aviva.[1] Plaintiffs allege Aviva then merged with or was acquired by Athene sometime in 2014. *See* Complaint ¶¶ 1--8, attached hereto as **Exhibit 1**.

2.      Athene is a foreign corporation with its principal place of business in West Des Moines, Iowa. *See* http://apps.sos.wv.gov/business/corporations/organization.aspx?org=166912. According to information on record at the West Virginia Office of the Insurance Commissioner,

---

[1] The correct legal name of the Aviva entity that succeeded Indianapolis Life Insurance Company is Aviva Life and Annuity Company ("Aviva"). During its corporate existence, Aviva was a corporation organized under the laws of the State of Iowa, with its principal place of business in West Des Moines, Iowa.

Athene is also incorporated in the State of Iowa.[2]  *See* records information from Secretary of State and Insurance Commissioner, attached collectively as **Exhibit 2**.  Aviva no longer exists as an independent entity.  It was acquired by Athene and Aviva's name was changed to Athene in 2014 as evidenced by corporate records on file with the West Virginia Secretary of State.  *See* Ex. 2; *see also* Declaration of Linda Olson, attached as **Exhibit 3**.

      3.     Plaintiff Richard J. Lindroth, Jr. is, and at all times relevant hereto was, a citizen of the State of West Virginia.  *See* Complaint, ¶ 1.  Plaintiff Marianne B. Lindroth was, at the time the life insurance policy at issue was purchased, a resident of West Virginia, and is now alleged to be a resident of Indiana.  *See* Complaint, ¶¶ 2-3.

      4.     Plaintiffs asserted numerous claims against Athene in the case of *Richard J. Lindroth, et al. v. Athene Annuity and Life*, Civil Action No. 14-C-2072 in the Circuit Court of Kanawha County, West Virginia.  It is this case that is being removed.  Plaintiffs served Athene through the West Virginia Secretary of State on December 2, 2014.  CT Corporation, Athene's agent for service of process received the Summons and Complaint by certified mail on December 8, 2014 and transmitted it to Athene the same day.  *See* Ex. 1, CT Corp. Service of Process Transmittal and West Virginia Secretary of State Forwarding Letter.

**B.**    **Basis of Removal**

      5.     This case is removable based on both federal question and diversity jurisdiction.

**I:**    **Federal Question Jurisdiction**

---

[2] *See* https://sbs-wv.naic.org/Lion-Web/jsp/sbsreports/CompanyLookupDetail.jsp?companyName=ATHENE%20ANNUITY%20AND%20LIFE%20COMPANY&fein=420175020&stateOfIncorporation=IOWA&incorporationDate=11/15/1985&issueDate=11/15/1985&companyNo=286714&companyId=286714&naicNo=61689&naicGroup=4734&naicGroupName=Athene%20Grp&domicileType=Foreign&companyType=LIFE&status=Active&effectiveDate=06/01/2014&oldCompanyName.

6.      Plaintiffs allege RICO violations against Athene and seek statutory treble damages under RICO.  *See* Complaint, ¶¶ 28, WHEREFORE Para. 2.

7.      Any actions over which a United States district court has original jurisdiction may be removed to the district court in the place where the underlying action was pending.  *See* 28 U.S.C. §1441(a).  United States District Courts have original jurisdictions over civil RICO claims.  *See* 18 U.S.C. §1964(c)("Any person injured...by reason of a violation of section 1962...may sue therefor in any appropriate United States district court..."); 18 U.S.C. §1965(a)("Any civil action...under this chapter...may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."); 28 U.S.C. §1331.

8.      Plaintiffs allege that Athene's conduct "violate[s] Public Law 91-452, 18 United States Code 96."  Compl. ¶28,  Public Law 91-452 is the "Organized Crime and Control Act of 1970." ("OCCA").  Title IX of the OCCA deals with Racketeer Influenced and Corrupt Organizations.  These statutory provisions are codified in Chapter 96 of Title 18 and can be found at 18 U.S.C. §§1961-1968.  RICO claims are removable on the basis of federal question jurisdiction. *See Clark v. Milam*, 813 F.Supp. 431 (S.D. W.Va. 1993)(denying motion to remand RICO case removed from state court.); *Brock v. Thomas* 782 F.Supp.2d 133, 139 (E.D. Pa. 2011)(RICO claims arise under federal law, and finding jurisdiction apparent on face of the complaint.) Further, the complaint seeks treble damages under 18 U.S.C. §1964(c).  Therefore, removal is appropriate under this Court's federal question jurisdiction.  Jurisdiction over Plaintiffs' other claims is appropriate pursuant to 28 U.S.C. § 1367 as the allegations all arise out of the same case or controversy, namely the alleged improper handling by Athene of the proceeds of Plaintiffs' life insurance policy. *See e.g.* Compl.

**II:     Diversity Jurisdiction**

9.      Removal is also appropriate on the basis of this Court's diversity jurisdiction.

10.     Removal is proper because there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a).  Plaintiff Richard Lindroth is a citizen of the State of West Virginia.  Plaintiff Marianne Lindroth was a citizen of the State of West Virginia at the time the policies were purchased and is now alleged to be a citizen of the State of Indiana.  Athene is both incorporated in and has its principal office address in the State of Iowa.  The amount in controversy in this action, in which Plaintiffs seek recovery of compensatory damages, punitive damages, statutory treble damages, attorney fees, damages under *Hayseeds, Inc. v. State Farm Fire & Casualty*, 352 S.E.2d 73 (W.Va. 1986), and multiple other types of damages, exceeds $75,000.00.

11.     A defendant removing on the basis of diversity jurisdiction must prove the jurisdictional amount by a preponderance of the evidence. *See e.g. McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 489 (S.D. W.Va. 2001)(reviewing removal cases in Southern District of West Virginia, employing preponderance of evidence standard for amount in controversy, and finding removing defendant met burden of showing jurisdictional minimum met.); *Scaralto v. Ferrell*, 826 F.Supp.2d 960 (S.D. W.Va. 2011)(applying preponderance of evidence standard to amount in controversy and holding that settlement demand in excess of jurisdictional limits should be treated as amount in controversy to support diversity jurisdiction in the removal context.)  "The defendant cannot meet its burden by simply alleging the presence of a sum in excess of the jurisdictional minimum.  Instead a defendant must supply evidence, and the court bases its decision to remove on the record that exists at the time the petition for removal was filed." *Id.* at 963 (internal citations omitted).  Factors to consider include the extent of injuries and possible

damages recoverable, including punitive damages. Other factors include expenses or losses incurred by Plaintiff up to the date of removal and any settlement demands made prior to removal. *Id.* Distilled down, the amount in controversy "is what the plaintiff claims to be entitled to or demands." *Id.* at 967. When assessing the evidence in the record to date, it is clear the jurisdictional minimum is satisfied.

12.    As stated *supra*, Plaintiffs seek recovery of compensatory damages, punitive damages, statutory treble damages, attorney fees, and damages under *Hayseeds* among their many damages claims. Punitive damages may be considered in determining the amount in controversy if they are available under state law. *See Ryan v. State Farm Mut. Auto Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991). Therefore, unless it "can be said to a legal certainty" that plaintiff cannot recover punitive damages in an action, the claims may augment compensatory damages for determining amount in controversy. *See Mullins v. Harry's Mobile Homes, Inc.* 861 F.Supp. 22, 24, (S.D. W.Va. 1994); *Weddington v. Ford Motor Credit Co.*, 59 F.Supp.2d 578 (S.D. W.Va. 1999)(considering both claims for punitive damages and attorney fees when considering amount in controversy.) Here, punitive damages are permitted under West Virginia law for insurance bad faith. *See Poling v. Motorists Mutual. Ins. Co.*, 450 S.E.2d 635, 637-8 (W.Va. 1994). Punitive damages may also be awarded for Plaintiffs' false light and defamation and (in certain situations) infliction of emotional distress claims. *See Hinerman v. Daily Gazette Co., Inc.,* 423 S.E.2d 560 (W.Va. 1992)(affirming punitive damages award in libel claim.); *Tanner v. Rite Aid of West Virginia, Inc.* 461 S.E.2d 148 (W.Va. 1995)(affirming punitive damages in intentional infliction of emotional distress claims.) Plaintiffs' alleged compensatory damages are – at a minimum – $55,000.00, which is the amount of the insurance proceeds they allege have been "wrongfully usurped and converted." *See* Compl. ¶24. They also seek

compensatory damages for claims of false light, defamation, identify theft, and infliction of emotional distress. *Id.* WHEREFORE Para.7-10. Plaintiffs' punitive damages claims in this case may augment their compensatory damages claims for determining amount in controversy.

13.    Additionally consideration must be given to Plaintiffs' statutory treble damages claims under 18 U.S.C. §1964(c). Assuming *arguendo* that Plaintiffs' actual damages sustained are the $55,000.00 they allege were converted, statutory treble damages would be approximately $165,000.00, well in excess of the $75,000.00 jurisdictional threshold under 28 U.S.C. §1332(a).

14.    Because there is complete diversity of the parties and because the amount in controversy exceeds $75,000.00, removal is appropriate under 28 U.S.C. §1332.

**C.**    **Removal is Timely and Appropriate**

15.    Removal is proper under 28 U.S.C. §1446(b) as Athene removed the case within 30 days of service of process. *See Barbour v. Int'l Union,* 640 F.3d 599, 602 (4th Cir. 2011). Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty (30) days from the date that defendant receives actual formal service of process. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S. Ct. 1322 (1999)(holding time to remove begins to run from simultaneous service of summons and complaint, or receipt of complaint "through service or otherwise" after and apart from service of summons, but not by receipt of complaint unattended by formal service.) "[W]here service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process." *Lilly v. CSX Transp., Inc.,* 186 F. Supp. 2d 672, 675 (S.D. W. Va. 2002); *see also Gordon v. Hartford Fire Ins. Co.,* 105 Fed.Appx. 476, 480-1 (4th Cir. 2004)(unpublished)(same, citing Lilly and noting "overwhelming majority" of district courts to consider question have held when service is made on a statutory agent, rather than an agent

appointed by the defendant, the time to remove does not start to run until the defendant actually received a copy of complaint); *White v. Lively,* 304 F. Supp. 2d 829 (W.D. Va. 2004)(same); *Eskridge v. Pacific Cycle, Inc.*, 2011 WL 5976284, *2, Case No. 2:11-cv-00615 (S.D. W.Va. Nov. 29, 2011)(not reported)(holding removal timely and calculating date for removal from the date defendant received a copy of the summons and complaint, not the date of service on the West Virginia Secretary of State).    While the West Virginia Secretary of State received the Summons and Complaint on December 2, 2014, Athene's statutory agent for service of process, CT Corporation, did not receive it until December 8, 2014.  *See CT Corporation Service of Process Transmittal,* attached to Ex. 1.  Thus, the time frame in which to remove does not expire until January 7, 2015 at the earliest and removal is timely.

16.     Further, because Aviva is a non-existent entity, separate consent from Aviva to removal is not required even though Aviva is named on the style.  Moreover, Athene, for all legal purposes, IS Aviva, *see* Ex. 3, and as the removing party, provides its written consent to removal on Aviva's behalf to the extent the Court deems such consent as necessary.

17.     All pleadings, process, orders, and all other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) *See* Ex. 1.

18.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending. *See* L.R. Civ. P. 77.2.

19.     Athene will file promptly a Notice of Filing of Removal along with copy of this Notice of Removal with the clerk of the state court in which the action has been pending.

20.     Athene has not answered or otherwise responded to the Complaint prior to filing this Notice of Removal.

### D.     Conclusion

21.     Therefore, based on Plaintiffs' Complaint and proper federal question and diversity jurisdiction, Defendant Athene removes this case to the United States District Court for the Southern District of West Virginia, Charleston Division.

Dated this 5th day of January, 2015.

Respectfully submitted,

**ATHENE ANNUITY AND LIFE COMPANY.**
**By Counsel**

   /s/John D. Hoblitzell III
Rebecca A. Betts (WVSB # 329)
John D. Hoblitzell III, (WVSB # 9346)
Kay Casto & Chaney, PLLC
P.O. Box 2031
Charleston, West Virginia 25327
(304) 345-8900 (phone)
(304) 345-8909 (fax)
rbetts@kaycasto.com
jdhoblitzell@kaycasto.com
*Counsel for Defendant Athene Annuity and Life Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**RICHARD J. LINDROTH,**
**And MARIANNE B. LINDROTH,**

        **Plaintiff,**

v.

                               **CIVIL ACTION NO. _____**
                               **(Removed from the Circuit Court of Kanawha County,**
                               **West Virginia, Civil Action No. 14-C-2072)**

**ATHENE ANNUITY AND LIFE COMPANY,**
**A corporation, and AVIVA,**

        **Defendants.**

### CERTIFICATE OF SERVICE

      I, John D. Hoblitzell III, attorney for the within named Defendant do hereby certify that I have this **5**th day of **January 2015**, served the foregoing **NOTICE OF REMOVAL** upon the within named Plaintiff by uploading the same to the Court's CM/ECF system, which will send notice of electronic filing to the following, and by mailing, postage prepaid, a true copy thereof to counsel for Plaintiffs at the address below:

                          Richard Dorsey
                          407 Pennsylvania Ave.
                          Charleston, WV 25302
                          *Co-counsel for Plaintiffs*


   /s/John D. Hoblitzell III_____
Rebecca A. Betts (WVSB # 329)
John D. Hoblitzell III, (WVSB # 9346)
Kay Casto & Chaney, PLLC
P.O. Box 2031
Charleston, West Virginia 25327
(304) 345-8900 (phone)/(304) 345-8909 (fax)
*Counsel for Defendant Athene Annuity and Life Company*

CASE 14-C-2072      KANAWHA                                        PAGE      1

RICHARD J. LINDROTH & MARIANNE vs. ATHENE ANNUITY & LIFE COMPANY

LINE  DATE    ACTION

1 11/21/14  # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 4 CPYS; F FEE; RCPT
2           # 522893;$200.00
3 12/09/14  # LET FR SS DTD 12/2/14: SUM W/RET (12/2/14 SS) AS TO ATHENE
4           # ANNUITY & LIFE CO.
5 12/09/14  # E-CERT FR SS AS TO ATHENE ANNUITY & LIFE CO. DTD 12/5/14

CIVIL CASE INFORMATION STATEMENT
CIVIL CASES
(Other than Domestic Relations)

FILED

In the Circuit Court, _____ KANAWHA _____ County, West Virginia 2014 NOV 21  PM 12: 18

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

I. CASE STYLE:

Plaintiff(s)

Case # _14-C-2072_

RICHARD J. LINDROTH
and MARIANNE LINDROTH

Judge: _Kaufman_

. . . .VS.

| Defendant(s) | Days to Answer | Type of Service |
|---|---|---|
| ATHENE ANNUNITY AND LIFE COMPANY, | 30 | Secy State |
| Street    a corporation | | |
| City, State, Zip | | |
| AVIVA | 30 | Secy State |
| Street | | |
| City, State, Zip | | |
| Street | | |
| City, State, Zip | | |
| Street | | |
| City, State, Zip | | |

Original and _____ copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2

PYMT Type
Rcpt # _525893_          $200 ✓ $135 ___
Iss. Sum. _4_ cc      ___No Sum. Iss
✓Ret. to Atty.         ___$20cm X ___
___Mailed CM/RM     ___$5 clk X ___
___Mailed to sos w/ck# _____
___Sent to _____ w/ck# _____

PLAINTIFF:
DEFENDANT:

CASE NUMBER:

II.  TYPE OF CASE:

☐ General Civil

☐ Mass Litigation
(As defined in T.C.R. Rule XIX (c))

☐ Asbestos
☐ Carpal Tunnel Syndrome
☐ Diet Drugs
☐ Environmental
☐ Industrial Hearing Loss
☐ Silicone Implants
☐ Other:

☐ Habeas Corpus/Other Extraordinary Writ

☐ Other:

☐ Adoption

☐ Administrative Agency Appeal

☐ Civil Appeal from Magistrate Court

☐ Miscellaneous Civil Petition

☐ Mental Hygiene

☐ Guardianship

☐ Medical Malpractice

III.  JURY DEMAND: ☐ Yes  ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): _____ / _____

IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? ☐ YES
☐ NO
, IF YES, PLEASE SPECIFY:

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other:

Attorney Name:   RICHARD DORSEY
Firm:   407 PENNSYLVANIA AVE.
Address:   CHARLESTON, WV 24302
Telephone:   304-397-0747
Dated:   NOVEMBER 21, 2014

Representing:
☑ Plaintiff  ☐ Defendant
☐ Cross-Complainant ☐ Cross-Defendant

/3/ Richard Dorsey
Signature

☐ Proceeding Without an Attorney

SCA-C100.02 / 2 of 2

 **CT Corporation**

**Service of Process
Transmittal**
12/08/2014
CT Log Number 526207385

TO:  Linda Olson
Athene USA Corporation
7700 Mills Civic Pkwy, Mail Stop 8A-18N
West Des Moines, IA 50266-3862

RE:  **Process Served in West Virginia**

FOR:  Athene Annuity and Life Company (Domestic State: IA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Richard J. Lindroth and Marianne B. Lindroth, Pltfs. vs. Athene Annuity and Life Company, etc. and Aviva, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Kanawha County Circuit Court, WV Case # 14C2072 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/08/2014 postmarked on 12/04/2014 |
| **JURISDICTION SERVED:** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Richard J. Lindroth and Marianne B. Lindroth Law Offices of Richard Dorsey 407 Pennsylvanie Avenue Charleston, WV 25302 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/09/2014, Expected Purge Date: 12/14/2014 Image SOP Email Notification, Linda Olson lolson@athene.com Email Notification, Robin Brown Nelson RBrownNelson@athene.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 5400 D Big Tyler Road Charleston, WV 25313 |
| **TELEPHONE:** | 919-821-7139 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.





02 1R
0002009808          DEC 04  2014
MAILED FROM ZIP CODE 25311



Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0090 4978 96

ATHENE ANNUITY AND LIFE COMPANY
C. T. Corporation System
5400D BIG TYLER RD
CHARLESTON, WV 25313-1103

**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

**Control Number:** 46234

**Defendant:** ATHENE ANNUITY AND LIFE
COMPANY
5400D BIG TYLER RD
CHARLESTON, WV 25313-1103 US

**Agent:** C. T. Corporation System

**County:** Kanawha

**Civil Action:** 14-C-2072

**Certified Number:** 92148901125134100000497896

**Service Date:** 12/2/2014

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any
questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the
Secretary of State's office.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

RICHARD J. LINDROTH
and MARIANNE B. LINDROTH,

       Plaintiffs,

vs.                Civil Action No.: 14-C-2178

ATHENE ANNUITY AND LIFE COMPANY,
a corporation, and AVIVA,

       Defendant.

### S U M M O N S

TO THE ABOVE NAMED DEFENDANT:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Richard Dorsey, Counsel for the Plaintiff, whose address is PO Box 331, Eleanor, WV 25070, an answer, including any related counterclaim you may have, to the Petition filed against you in the above styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within 30 days after service of summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: Nov 21, 2014

**Cathy S. Gatson, Clerk**

CLERK OF COURT

_Marianne Hamrick_
DEPUTY CLERK

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

RICHARD J. LINDROTH
and MARIANNE B. LINDROTH,

        Plaintiffs,

vs.                Civil Action No. *14-C-3022*

ATHENE ANNUITY AND LIFE COMPANY,
a corporation, and AVIVA,

        Defendant.

C O M P L A I N T

    Comes now your Plaintiffs, Richard J. Lindroth and Marianne B. Lindroth and for their cause of action they respectfully say:

1.    Plaintiff Richard J. Lindroth is a property owner in Kanawha County and a resident of West Virginia.

2.    Plaintiff Marianne B. Lindroth is a resident of Indiana.

3.    Plaintiffs purchased a life insurance policy on their son from Indianapolis Life, which merged with and became known as Aviva on or about October 1, 2008.

4.    At the time this insurance was purchased the plaintiffs and their son were residents of Kanawha County, West Virginia.

5.    At some point prior to 2014, Athene purchased the United States life insurance business interests of Aviva.

6.    In August, 2013, Plaintiffs youngest son passed away and Aviva honored the terms of the contract by depositing the

proceeds of the life insurance policy in two different interest bearing accounts, one for each plaintiff, which could be drafted in whole or in part. Aviva also provided drafts for this purpose and sent monthly statements regarding the interest earned by the monies on deposit and detailing any withdrawals.

7. By establishing these accounts, Aviva, as some form of successor to Indianapolis Life, performed Indianapolis Life's contractual duties and responsibilities with regard to the payment of life insurance proceeds.

8. Upon information and belief, at some point during 2014, Aviva merged with or was acquired by Athene Annuity and Life Company.

9. Plaintiffs received no notice, written or otherwise, regarding this acquisition or merger and first discovered that Athene was in the picture when Plaintiffs' noticed that Athene had made a charge to the life insurance policy of Plaintiffs' surviving son.

10. Athene has repeatedly ignored change of address notices sent to them.

11. Athene never notified the Plaintiffs that it would unlawfully close their accounts and despite the closing, has not disbursed Plaintiffs' monies to them.

12. When Plaintiffs telephoned Athene to find out why it was charging items to their surviving son's life insurance

policy, Athene's agent or employee rudely refused to speak with them, notwithstanding the fact that Plaintiffs' provided appropriate identification as to who they were and why they were calling.

13. At that time, Plaintiffs also provided Athene with a change of address which Athene refuses to honor, thus allowing Athene to hide its illegal activities from Plaintiffs.

14. On or about October 23, 2014, Plaintiff Richard J. Lindroth drafted his Aviva account for $4,900 by making a draft payable to a Mr. H. Eugene Aliff for a heating and cooling system.

15. On or about October 25, 2014, this draft was dishonored with the notation "Account Closed."

16. Mr. Aliff notified Plaintiffs the check had been dishonored and of the fees he had been charged.

17. Plaintiffs never closed these accounts and no one else had the right to do so.

18. Plaintiffs' draft was therefore wrongfully dishonored.

19. Athene has misappropriated Plaintiffs' monies.

20. The wrongful closing of Plaintiffs' account has caused the Plaintiffs' mental anguish and has cost Plaintiffs' extra monies.

21. Athene, by wrongfully closing the account which only the Plaintiffs had the legal right to do has converted

plaintiffs' funds to their own without either legal right or justification and therefore has stolen Plaintiffs' monies and their identities.

22. Athene and Aviva each owed a fiduciary duty to the Plaintiffs with regard to the life insurance proceeds.

23. Athene and Aviva breached this fiduciary duty by misappropriating and converting Plaintiffs' monies.

24. Athene and Aviva have wrongfully usurped and converted Plaintiffs' monies in the amount of approximately $55,000.

25. Since wrongfully closing the accounts, Athene has not released Plaintiffs' monies to them and continues to wrongfully withhold Plaintiffs' monies.

26. Athene is guilty of theft of Plaintiffs' monies.

27. Athene is guilty of fraud and embezzlement of Plaintiffs' monies.

28. The acts of Aviva and Athene violate Public Law 91-452, 18 United States Code 96.

29. The act of Athene causing the Plaintiffs' draft to be returned unpaid impugned the Plaintiffs' credit and placed them in a false light in the community.

30. The act of Athene causing the Plaintiffs' draft to be returned unpaid defamed the Plaintiffs.

31. The act of Athene causing the Plaintiffs' draft to be returned, the unlawful closing of Plaintiffs' account and

the unlawful misappropriation of Plaintiffs' monies violated West Virginia Code §33-11-1, et seq.

32. The unlawful acts of Athene caused Plaintiffs' emotional distress.

33. The acts of Athene constitute bad faith.

WHEREFORE, Plaintiffs respectfully demand:

1. The immediate reinstatement of their interest bearing accounts, with a bond posted with this Court to insure that Athene will not misappropriate the funds.

2. Treble damages under 18 United States Code.

3. Damages for wrongful conversion of Plaintiffs' property.

4. Compensatory damages.

5. Punitive Damages.

6. Court costs, all costs to prosecute this action and attorney fees.

7. Damages for infliction of emotional distress.

8. Damages for placing the Plaintiffs in a false light.

9. Damages for defamation.

10. Damages for identity theft.

11. That the Court issue a Order requiring Athene disclose all persons which were treated similarly for purposes of creating a class action.

12. Appropriate damages pursuant to Chapter 33 of the West Virginia Code.

13. Damages for bad faith.

Richard J. Lindroth and Marianne B. Lindroth
By Counsel

Law Offices of Richard Dorsey
WVSB ID # 10210
407 Pennsylvania Avenue
Charleston, WV 25302

| | |
|---|---|
| Civil Action Number | 14-C-2072 |
| Package Identification Code | 92148901125134100000497896 |
| Signature Downloaded | 12/8/2014 6:03:18 AM |
| Defendant Name | ATHENE ANNUITY AND LIFE COMPANY |

2014 DEC -9 AM 9: 25

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT


**UNITED STATES POSTAL SERVICE.**

Date Produced: 12/08/2014

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0000 4978 96. Our records indicate that this item was delivered on 12/05/2014 at 10:13 a.m. in CHARLESTON, WV 25313. The scanned image of the recipient information is provided below.

Signature of Recipient :   Dianna Stamper

Address of Recipient :   5400 - D Big Tyler

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 49789

12/23/2014                          WV SOS - Business and Licensing - Corporations - Online Data Services

# West Virginia Secretary of State — Online Data Services

## Business and Licensing

Online Data Services Help

## Business Organization Detail

*NOTICE: The West Virginia Secretary of State's Office makes every reasonable effort to ensure the accuracy of information. However, we make no representation or warranty as to the correctness or completeness of the information. If information is missing from this page, it is not in the The West Virginia Secretary of State's database.*

## ATHENE ANNUITY AND LIFE COMPANY

### Organization Information

| Org Type | Effective Date | Filing Date | Charter | Class | Sec Type | Termination Date | Termination Reason |
|---|---|---|---|---|---|---|---|
| I \| Insurance Company | 11/15/1985 | | | | | | |

### Organization Information

| | |
|---|---|
| Business Purpose | Capital Stock |
| Charter County | Control Number |
| Charter State | Excess Acres |
| At Will Term | Member Managed |
| At Will Term Years | Par Value |
| Authorized Shares | |

## Addresses

| Type | Address |
|------|---------|
| **Mailing Address** | 7700 MILLS CIVIC PARKWAY<br>WEST DES MOINES, IA, 50266<br>USA |
| **Mailing Address** | CT CORPORATION SYSTEM<br>5400 D BIG TYLER ROAD<br>CHARLESTON, WV, 25313<br>USA |
| **Notice of Process Address** | CT CORPORATION SYSTEM<br>5400 D BIG TYLER ROAD<br>CHARLESTON, WV, 25313 |
| **Principal Office Address** | 7700 MILLS CIVIC PARKWAY<br>WEST DES MOINES, IA, 50266<br>USA |
| Type | Address |

## Name Changes

| Date | Old Name |
|------|----------|
| **3/3/2014** | AVIVA LIFE AND ANNUITY COMPANY |
| **11/1/2007** | AMERUS LIFE INSURANCE COMPANY |
| Date | Old Name |

## Mergers

| Merger Date | Merged | Merged State | Survived | Survived State |
|-------------|--------|--------------|----------|----------------|
| 10/5/2009 | AMERICAN INVESTORS LIFE INSURANCE COMPANY | | AVIVA LIFE AND ANNUITY COMPANY | |
| Merger Date | Merged | Merged State | Survived | Survived State |

| Date | Amendment |
|------|-----------|
| **3/3/2014** | ACQUIRED BY APOLLO GLOBAL MGMT (GROUP CODE 4734) EFF. 3/3/14 PER WVOIC REGULATORY REPORT EOM 3/31/14 ... 4/4/14 CM |

12/23/2014                    WV SOS - Business and Licensing - Corporations - Online Data Services

| Date | Amendment |
|------|-----------|
| 3/3/2014 | NAME CHANGE: FROM AVIVA LIFE AND ANNUITY COMPANY |
| 10/5/2009 | MERGER: MERGING AMERICAN INVESTORS LIFE INSURANCE COMPANY, A QUALIFIED INSURANCE COMPANY WITH AND INTO AVIVA LIFE AND ANNUITY COMPANY, A QUALIFIED INSURANCE COMPANY, THE SURVIVOR |
| 11/1/2007 | NAME CHANGE: FROM AMERUS LIFE INSURANCE COMPANY |
| 6/30/1996 | CHANGE OF NAME FROM AMERICAN MUTUAL LIFE INSURANCE COMPANY TO AMERUS LIFE INSURANCE COMPANY FILED SOS 9/6/96 |
| Date | Amendment |

## Annual Reports

| Date | Filed For |
|------|-----------|
| 6/2/2014 | 2014 |
| 6/6/2013 | 2013 |
| | 2012 |
| 4/7/2011 | 2011 |
| 2/26/2010 | 2010 |
| Date | Filed For |

For more information, please contact the Secretary of State's Office at 304-558-8000.

Tuesday, December 23, 2014 — 4:43 PM

© 2014 State of West Virginia

## Company Search Look-up

NAIC Consumer Information Source (https://eapps.naic.org/cis/)

CLOSE

### COMPANY DEMOGRAPHICS

| Company Name: | ATHENE ANNUITY AND LIFE COMPANY | | FEIN: | 42-0175020 |
|---|---|---|---|---|
| State of Incorporation: | IOWA | Incorporation Date: | 11/15/1985 | Issue Date: | 11/15/1985 |
| Company #: | 286714 | NAIC #: | 61689 | | |
| NAIC Group #: | 4734 | NAIC Group Name: | Athene Grp | | |
| Domicile Type : | Foreign | Company Type: | LIFE | | |
| Status: | Active | | | | |
| Effective Date: | 06/01/2014 | | | | |

Please select by clicking the appropriate link for additional information:

| Company Address | Line of Business | Company Contacts | Company Name Change History | Company Merger History |
|---|---|---|---|---|

### COMPANY ADDRESSES

| Mailing Address | | Main Administrative | |
|---|---|---|---|
| Address Line 1 | 7700 Mills Civic Parkway | Address Line 1 | 7700 MILLS CIVIC PARKWAY |
| Address Line 2 | | Address Line 2 | MS: 7C-10 |
| Address Line 3 | | Address Line 3 | MS: 7C-10 |
| City, State, Zip | West DES MOINES,IA 50266 | City, State, Zip | WEST DES MOINES,IA 50266 |
| Phone | 515-342-3199 | Phone | 515-342-2000 |
| Website | | Website | |
| | | Fax | |

### COMPANY NAME CHANGE HISTORY

| OLD COMPANY NAME | EFFECTIVE FROM | EFFECTIVE TO | DOMICILE TYPE | COMPANY TYPE |
|---|---|---|---|---|
| AMERUS LIFE INSURANCE COMPANY | | | Foreign | Unknown |
| CENTRAL LIFE ASSURANCE COMPANY | | | Foreign | Unknown |
| AVIVA LIFE AND ANNUITY COMPANY | 12/05/2007 | | Foreign | Unknown |
| ATHENE ANNUITY AND LIFE COMPANY | 12/05/2007 | | Foreign | Unknown |

## DECLARATION OF LINDA OLSON

I, Linda Olson, having been duly sworn, state as follows:

1.      I am employed by Athene Annuity and Life Company as Assistant Secretary. In my capacity as Assistant Secretary, I am familiar with the matters set forth in this declaration.

2.      On September 30, 2008, Indianapolis Life Insurance Company merged into Aviva Life and Annuity Company. At the time, Aviva Life and Annuity Company was a corporation organized under the laws of the State of Iowa, with its principal place of business in Des Moines, Iowa. After this merger, Indianapolis Life Insurance Company ceased to exist.

3.      Effective March 3, 2014, Aviva Life and Annuity Company changed its name to Athene Annuity and Life Company. Athene Annuity and Life Company is a corporation organized under the laws of the State of Iowa, with its principal place of business in West Des Moines, Iowa.

Under penalty of perjury and pursuant to the laws of the State of Iowa and the United States of America, I swear that the foregoing is true and correct.

Dated: January 5, 2015                        _____
                                          Linda Olson