IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**RICHARD J. LINDROTH,**
**and MARIANNE B. LINDROTH,**

       **Plaintiffs,**

v.                         CIVIL ACTION NO. 2:15-cv-00141
                          Judge Goodwin
                          (Removed from the Circuit Court of Kanawha County,
                          West Virginia, Civil Action No. 14-C-2072)

**ATHENE ANNUITY AND LIFE COMPANY,**
**A corporation, and AVIVA,**

       **Defendants.**

### ANSWER OF DEFENDANT ATHENE ANNUITY AND LIFE COMPANY, F/K/A AVIVA TO PLAINTIFFS' COMPLAINT

In accordance with Fed. R. Civ. P. 8(b) and (c), Defendant Athene Annuity and Life Company, f/k/a Aviva ("Athene") responds to Plaintiffs' Complaint as follows:

1. Athene lacks sufficient information to admit or deny the allegations contained in paragraph 1, and therefore denies the same.

2. Athene lacks sufficient information to admit or deny the allegations contained in paragraph 2, and therefore denies the same.

3. Athene admits the allegations contained in paragraph 3.

4. Athene lacks sufficient information to admit or deny the allegations contained in paragraph 4, and therefore denies the same.

5. Athene admits that, effective March 3, 2014, Aviva Life and Annuity Company changed its name to Athene Annuity and Life Company. Athene denies any other allegation contained in paragraph 5.

6. Athene lacks sufficient information to admit or deny the allegation that Plaintiff's <u>youngest</u> son passed away, and therefore denies the same. Athene admits the remainder of the allegations contained in paragraph 6.

7. Athene admits that it paid the full death benefit proceeds due in accordance with the life insurance policy referenced in paragraphs 3 and 6 of the Complaint, thus satisfying Athene's obligations under the contract. Athene denies any other allegation contained in paragraph 7.

8. Athene admits that, effective March 3, 2014, Aviva Life and Annuity Company changed its name to Athene Annuity and Life Company. Athene denies any other allegation contained in paragraph 8.

9. Athene denies that it did not provide notice of Aviva Life and Annuity Company's name change. Athene lacks sufficient information to admit or deny when Plaintiffs "first discovered that Athene was in the picture," and therefore denies the same. Athene denies any other allegation contained in paragraph 9.

10. Athene denies the allegations contained in paragraph 10.

11. Athene denies that it "unlawfully closed Plaintiffs' accounts." Athene further denies that it has not disbursed the accounts' full values to Plaintiffs upon the closing of the accounts. Finally, Athene denies that it did not provide Plaintiffs notice of the closing of their accounts. Athene denies any other allegation contained in paragraph 11.

12. Athene denies the allegations contained in paragraph 12.

13. Athene denies the allegations contained in paragraph 13.

14. Athene lacks sufficient information to admit or deny the allegations contained in paragraph 14, and therefore denies the same.

15. Athene lacks sufficient information to admit or deny the allegations contained in paragraph 15, and therefore denies the same.

16. Athene lacks sufficient information to admit or deny the allegations contained in paragraph 16, and therefore denies the same.

17. Upon information and belief, Athene admits that Plaintiffs did not affirmatively close the accounts described in paragraph 17. Athene denies any other allegation contained in paragraph 17.

18. Athene denies the allegations contained in paragraph 18.

19. Athene denies the allegations contained in paragraph 19.

20. Athene denies the allegations contained in paragraph 20.

21. Athene denies the allegations contained in paragraph 21.

22. No answer to the allegations of paragraph 22 is necessary, as the paragraph merely states a legal conclusion. To the extent the Court requires Athene to answer the allegations of paragraph 22, they are denied. Further to the extent any duties are deemed to be owed by Athene, Athene denies that any such duties were breached.

23. Athene denies the allegations contained in paragraph 23.

24. Athene denies the allegations contained in paragraph 24.

25. Athene denies the allegations contained in paragraph 25.

26. Athene denies the allegations contained in paragraph 26.

27. Athene denies the allegations contained in paragraph 27.

28. Athene denies the allegations contained in paragraph 28.

29. Athene denies the allegations contained in paragraph 29.

30. Athene denies the allegations contained in paragraph 30.

31. Athene denies the allegations contained in paragraph 31.

32. Athene denies the allegations contained in paragraph 32.

33. Athene denies the allegations contained in paragraph 33.

With respect to the WHEREFORE Paragraph of Plaintiffs' Complaint, including subparagraphs 1 through 13 thereof, Athene denies that Plaintiffs are entitled to any relief as against it.

## GENERAL DENIAL

Athene denies any allegation not expressly admitted herein.

## AFFIRMATIVE and OTHER DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted pursuant to the heightened pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

2. Athene owed no duty to Plaintiffs in relation to the matters alleged in the Complaint.

3. Athene denies it breached any duty owed to Plaintiffs in relation to the matters alleged in the Complaint.

4. To the extent Athene breached any duty owed to Plaintiffs in relation to the matters alleged in the Complaint, such breach was not a legal cause of Plaintiffs' damages; rather, such damages were caused entirely by the wrongful conduct of other parties and/or non-parties.

5. Plaintiffs' claims alleged in the Complaint may be barred, in whole or in part, by waiver or estoppel.

6.     Plaintiffs have failed to mitigate their damages by failing to negotiate the life insurance proceeds tendered to them.

7.     Athene has fully performed all duties and obligations required of it pursuant to the life insurance policy at issue in Plaintiffs' Complaint.

8.     Athene reserves all policy defenses, exclusions, conditions and limitations as more fully defined within the Athene life insurance policy described in Plaintiffs' Complaint.

9.     Athene asserts that it has not violated the West Virginia Unfair Claims Settlement Practices Act and did not participate in any practice that constitutes a general business practice that violates the West Virginia Unfair Claims Settlement Practices Act.

10.    Athene had a reasonable justification for its actions regarding the matters described in Plaintiffs' Complaint, and Athene acted in good faith at all times.

11.    Plaintiffs' request for punitive damages violates Athene's rights under the United States Constitution and the Constitution of the State of West Virginia, including, but not limited to, the right to substantive and procedural due process provided by the United States Constitution and the Constitution of the State of West Virginia, the right to equal protection under both the United States Constitution and the Constitution of the State of West Virginia, and the prohibition against excessive fines in the United States Constitution and the Constitution of the State of West Virginia.  Athene intends to raise all standards and limitations regarding the determination and enforceability of punitive or exemplary damages.

12.    Under West Virginia law, the absence of physical injuries precludes recovery of damages for infliction of emotional distress and punitive damages.

13.    The recovery of both punitive damages and damages for infliction of emotional distress in the absence of physical injury are impermissibly duplicative.

14. Athene is permitted by West Virginia Code section 33-13-27 to – at its discretion – hold funds in the accounts at issue as part of its general assets and is not required to segregate them.

15. Plaintiffs' Complaint does not set forth an allegation of the required predicate acts of racketeering activity as required for recovery under the Racketeer Influenced and Corrupt Organizations Act.

16. Plaintiffs' Complaint fails to allege a required pattern of racketeering activity necessary to establish liability under the Racketeer Influenced and Corrupt Organizations Act.

17. Plaintiffs have failed to plead a compensable injury flowing from alleged use of income from racketeering activity.

18. Athene asserts and reserves so as not to waive, should the same be shown during discovery to be applicable, those defenses set forth in Rule 8(c)(1) of the Federal Rules of Civil Procedure, including, but not necessarily limited to, accord and satisfaction, fraud, illegality, payment, release, statute of limitations, statue of frauds, and any other matter constituting an affirmative defense that must be pled to avoid waiver.

19. Athene asserts and reserves the right to seek leave to amend its Answer to assert any other such affirmative and other defenses as may be shown during discovery in this matter to be applicable.

20. Athene asserts and reserves the right to seek leave to file any and all counterclaims, third-party complaints, and other pleadings as may be revealed to be appropriate through discovery or otherwise.

WHEREFORE, having fully answered Plaintiffs' Complaint Defendant, Athene Annuity and Life Company, respectfully requests the Court deny all relief requested in Plaintiffs'

Complaint, dismiss the Complaint with prejudice, assess all costs and expenses against Plaintiffs, and grant it such other and further relief as the Court may deem just and proper.

Dated this 12th day of January, 2015.

Respectfully submitted,

**ATHENE ANNUITY AND LIFE COMPANY,
By Counsel**


 /s/John D. Hoblitzell III
Rebecca A. Betts (WVSB # 329)
John D. Hoblitzell III, (WVSB # 9346)
Kay Casto & Chaney, PLLC
P.O. Box 2031
Charleston, West Virginia 25327
(304) 345-8900 (phone)
(304) 345-8909 (fax)
rbetts@kaycasto.com
jdhoblitzell@kaycasto.com
*Counsel for Defendant Athene Annuity and Life Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**RICHARD J. LINDROTH,**
**And MARIANNE B. LINDROTH,**

     **Plaintiff,**

v.                                **CIVIL ACTION NO. 2:15-cv-00141**
                                   **Judge Goodwin**
                                   **(Removed from the Circuit Court of Kanawha County,**
                                   **West Virginia, Civil Action No. 14-C-2072)**

**ATHENE ANNUITY AND LIFE COMPANY,**
**A corporation, and AVIVA,**

     **Defendants.**

## CERTIFICATE OF SERVICE

     I, John D. Hoblitzell III, attorney for the within named Defendant do hereby certify that I have this **12th** day of **January 2015**, served the foregoing *Answer of Defendant Athene Annuity and Life Company, F/K/A Aviva to Plaintiffs' Complaint* upon the within named Plaintiff by uploading the same to the Court's CM/ECF system, which will send notice of electronic filing to the following, and by mailing, postage prepaid, a true copy thereof to counsel for Plaintiffs at the address below:

                                                Richard Dorsey
                                                407 Pennsylvania Ave.
                                                Charleston, WV 25302
                                                *Co-counsel for Plaintiffs*

   /s/John D. Hoblitzell III_____
Rebecca A. Betts (WVSB # 329)
John D. Hoblitzell III, (WVSB # 9346)
Kay Casto & Chaney, PLLC
P.O. Box 2031
Charleston, West Virginia 25327
(304) 345-8900 (phone)/(304) 345-8909 (fax)
*Counsel for Defendant Athene Annuity and Life Company*